1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   LAW OFFICES OF TODD M. FRIEDMAN, P.C.
3  21550 Oxnard St., Suite 780
   Woodland Hills, CA 91367
4  Phone: 323-306-4234
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
7  *Attorneys for Plaintiff*

8        **UNITED STATES DISTRICT COURT**
9        **CENTRAL DISTRICT OF CALIFORNIA**

10

11  TERRY FABRICANT, individually        ) Case No.
    and on behalf of all others similarly )
12  situated,                             ) **CLASS ACTION**
                                          )
13                                        ) **COMPLAINT FOR VIOLATIONS**
14  Plaintiff,                            ) **OF:**
                                          )
15        vs.                             ) 1.  NEGLIGENT VIOLATIONS
                                          )     OF THE TELEPHONE
16                                        )     CONSUMER PROTECTION
                                          )     ACT [47 U.S.C. §227(b)]
17  AMERICAN DIVERSIFIED                  ) 2.  WILLFUL VIOLATIONS
    ENERGY, LLC, and DOES 1 through       )     OF THE TELEPHONE
18  10, inclusive, and each of them,      )     CONSUMER PROTECTION
                                          )     ACT [47 U.S.C. §227(b)]
19  Defendant.                            ) 3.  NEGLIGENT VIOLATIONS
                                          )     OF THE TELEPHONE
20                                        )     CONSUMER PROTECTION
                                          )     ACT [47 U.S.C. §227(c)]
21                                        ) 4.  WILLFUL VIOLATIONS
                                          )     OF THE TELEPHONE
22                                        )     CONSUMER PROTECTION
                                          )     ACT [47 U.S.C. §227(c)]
23                                        )
24                                        )
                                          )
25                                        ) **DEMAND FOR JURY TRIAL**
                                          )
26

27        Plaintiff TERRY FABRICANT ("Plaintiff"), individually and on behalf of

28  all others similarly situated, alleges the following upon information and belief

---

CLASS ACTION COMPLAINT

- 1 -

1  based upon personal knowledge:

## NATURE OF THE CASE

2  1.  Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of AMERICAN DIVERSIFIED ENERGY, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.  Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware limited liability company. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.  Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)* and because Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles.

## PARTIES

4.  Plaintiff, TERRY FABRICANT ("Plaintiff"), is a natural person residing in Los Angeles County, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

CLASS ACTION COMPLAINT

5.      Defendant, AMERICAN DIVERSIFIED ENERGY, LLC ("Defendant") is an energy marketing company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.      Beginning in or around June 2018, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -8950, in an attempt to solicit Plaintiff to purchase Defendant's services.

9.      Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

10.      Defendant contacted or attempted to contact Plaintiff from telephone number (949) 404-4641 confirmed to be Defendant's number.

11.      Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12.      During all relevant times, Defendant did not possess Plaintiff's "prior

1    express consent" to receive calls using an automatic telephone dialing system or an

2    artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. §*

3    *227(b)(1)(A)*.

4        13.    Further, Plaintiff's cellular telephone number ending in -8950 had

5    been on the National Do-Not-Call Registry well over thirty (30) days prior to

6    Defendant's initial call.

7        14.    Defendant placed multiple calls soliciting its business to Plaintiff on

8    his cellular telephone ending in -8950 in or around June 2018.

9        15.    Such calls constitute solicitation calls pursuant to 47 C.F.R. §

10    64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

11        16.    Plaintiff received at least one solicitation call from Defendant within

12    a 12-month period.

13        17.    Defendant called Plaintiff in an attempt to solicit its services and in

14    violation of the National Do-Not-Call provisions of the TCPA.

15        18.    Upon information and belief, and based on Plaintiff's experiences of

16    being called by Defendant after being on the National Do-Not-Call list for several

17    years prior to Defendant's initial call, and at all relevant times, Defendant failed to

18    establish and implement reasonable practices and procedures to effectively prevent

19    telephone solicitations in violation of the regulations prescribed under 47 U.S.C. §

20    227(c)(5).

21                        **CLASS ALLEGATIONS**

22        19.    Plaintiff brings this action individually and on behalf of all others

23    similarly situated, as a member the two proposed classes (hereafter, jointly, "The

24    Classes").

25        20.    The class concerning the ATDS claim for no prior express consent

26    (hereafter "The ATDS Class") is defined as follows:

27
                    All persons within the United States who received any
28                  solicitation/telemarketing    telephone    calls    from

                        CLASS ACTION COMPLAINT

1
2
3
4
5

> Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

6      21.    The class concerning the National Do-Not-Call violation (hereafter
7    "The DNC Class") is defined as follows:

8
9
10
11
12
13
14

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

15      22.    Plaintiff represents, and is a member of, The ATDS Class, consisting
16    of all persons within the United States who received any collection telephone calls
17    from Defendant to said person's cellular telephone made through the use of any
18    automatic telephone dialing system or an artificial or prerecorded voice and such
19    person had not previously not provided their cellular telephone number to
20    Defendant within the four years prior to the filing of this Complaint.

21      23.    Plaintiff represents, and is a member of, The DNC Class, consisting
22    of all persons within the United States registered on the National Do-Not-Call
23    Registry for at least 30 days, who had not granted Defendant prior express consent
24    nor had a prior established business relationship, who received more than one call
25    made by or on behalf of Defendant that promoted Defendant's products or services,
26    within any twelve-month period, within four years prior to the filing of the
27    complaint.

28      24.    Defendant, its employees and agents are excluded from The Classes.

---

CLASS ACTION COMPLAINT

Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

25. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

26. Plaintiff and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class members.

27. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

        a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number

assigned to a cellular telephone service;

b.  Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c.  Whether Defendant should be enjoined from engaging in such conduct in the future.

28.  As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

29.  Plaintiff and members of The DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry.  Plaintiff and the DNC Class members were damaged thereby.

30.  Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class.  These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

a.  Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

b.      Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

c.      Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

d.      Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

31.     As a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant, Plaintiff is asserting claims that are typical of the DNC Class.

32.     Plaintiff will fairly and adequately protect the interests of the members of The Classes.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

33.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

34.     The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to

1   such adjudications or that would substantially impair or impede the ability of such

2   non-party Class members to protect their interests.

3       35.    Defendant has acted or refused to act in respects generally applicable

4   to The Classes, thereby making appropriate final and injunctive relief with regard

5   to the members of the Classes as a whole.

**FIRST CAUSE OF ACTION**

6

**Negligent Violations of the Telephone Consumer Protection Act**

7

**47 U.S.C. §227(b).**

8

**On Behalf of the ATDS Class**

9

10       36.    Plaintiff repeats and incorporates by reference into this cause of action

11   the allegations set forth above at Paragraphs 1-35.

12       37.    The foregoing acts and omissions of Defendant constitute numerous

13   and multiple negligent violations of the TCPA, including but not limited to each

14   and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular

15   *47 U.S.C. § 227 (b)(1)(A)*.

16       38.    As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*,

17   Plaintiff and the Class Members are entitled an award of $500.00 in statutory

18   damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

19       39.    Plaintiff and the ATDS Class members are also entitled to and seek

20   injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

21

**Knowing and/or Willful Violations of the Telephone Consumer Protection**

22

**Act**

23

**47 U.S.C. §227(b)**

24

**On Behalf of the ATDS Class**

25

26       40.    Plaintiff repeats and incorporates by reference into this cause of action

27   the allegations set forth above at Paragraphs 1-39.

28       41.    The foregoing acts and omissions of Defendant constitute numerous

CLASS ACTION COMPLAINT

1 | and multiple knowing and/or willful violations of the TCPA, including but not

2 | limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*,

3 | and in particular *47 U.S.C. § 227 (b)(1)(A)*.

4 |     42.    As a result of Defendant's knowing and/or willful violations of *47*

5 | *U.S.C. § 227(b)*, Plaintiff and the ATDS Class members are entitled an award of

6 | $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C.*

7 | *§ 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

8 |     43.    Plaintiff and the Class members are also entitled to and seek injunctive

9 | relief prohibiting such conduct in the future.

10 | **THIRD CAUSE OF ACTION**

11 | **Negligent Violations of the Telephone Consumer Protection Act**

12 | **47 U.S.C. §227(c)**

13 | **On Behalf of the DNC Class**

14 |     44.    Plaintiff repeats and incorporates by reference into this cause of action

15 | the allegations set forth above at Paragraphs 1-43.

16 |     45.    The foregoing acts and omissions of Defendant constitute numerous

17 | and multiple negligent violations of the TCPA, including but not limited to each

18 | and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular

19 | *47 U.S.C. § 227 (c)(5)*.

20 |     46.    As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*,

21 | Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory

22 | damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

23 |     47.    Plaintiff and the DNC Class members are also entitled to and seek

24 | injunctive relief prohibiting such conduct in the future.

25 | **FOURTH CAUSE OF ACTION**

26 | **Knowing and/or Willful Violations of the Telephone Consumer Protection**

27 | **Act**

28 | **47 U.S.C. §227 et seq.**

---

CLASS ACTION COMPLAINT

**On Behalf of the DNC Class**

48.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-47.

49.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

50.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

51.     Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's willful and/or knowing violations of *47*

CLASS ACTION COMPLAINT

*U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(5),* Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

52. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 21st Day of January, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman

CLASS ACTION COMPLAINT

- 12 -

1

2

3

Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT